IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW ENDERS | * | |
| | * | |
| v. | * | Civil No. JFM-08-3042 |
| | * | |
| THE PARKSITE GROUP | * | |
| | * | |
| MATTHEW ENDERS | * | |
| | * | |
| v. | * | Civil No. JFM-08-3211 |
| | * | |
| RYDER INTEGRATED LOGISTICS, INC. | * | |

\*\*\*\*\*

MEMORANDUM

Plaintiff has brought these *pro se* actions against Ryder Integrated Logistics and The Parksite Group. He alleges that Ryder wrongfully terminated his employment and tortiously interfered with his contractual relationship with Parksite because Ryder perceived that he suffered from AIDS. He alleges that Parksite refused to hire him because Parksite perceived that he suffered from AIDS.[1] Plaintiff has filed a cross-motion for summary judgment against Ryder. Defendants' motions for summary judgment will be granted, and plaintiff's cross-motion for summary judgment will be denied.[2]

The background facts may be briefly stated. Plaintiff began working for Ryder as a fork lift operator at Parksite's Baltimore location in July 2007. Eventually, he became a team leader. In late September 2007, Parksite decided that it would cancel its arrangements with Ryder and

---

[1] Plaintiff's complaints perhaps could be read as also asserting that Ryder and Parksite, respectively, terminated his employment and refused to hire him because he suffered from AIDS. However, as the litigation has progressed, plaintiff clearly is not so asserting because he affirmly states that he does not suffer from AIDS.

[2] Ryder has also filed a motion to strike plaintiff's cross-motion for summary judgment. That motion will be denied as moot.

instead would perform for itself the functions that had been contracted out.  This change became effective on January 1, 2008.  Parksite decided to attempt to fill the positions it was assuming by hiring the persons who were already performing those functions under Parksite's contract with Ryder.

In November 2007, Parksite announced to Ryder employees that all of them who decided to apply for employment with Parksite could do so by signing up for an interview and submitting job application paperwork.  Plaintiff ultimately filled out the paperwork to become a Parksite employee.  Parksite required that he (as well as other Ryder employees who sought to be reemployed by Parksite) take a drug test within 48 hours of the submission of the paperwork.  Plaintiff did not do so.

Plaintiff's claims turn upon his allegation that Tom Carder, a Ryder employee, told Jeff Burnett, a supervisor of Parksite, not to hire plaintiff because plaintiff suffered from AIDS.[3]  This allegation is based entirely upon (1) a "rumor" to that effect, and (2) the testimony of Anthony Blunt about a conversation he had with Carder in which Carder told him what had happened.  Blunt's testimony about this conversation is classic hearsay.  Carder was not a management or supervisory employee of Ryder and therefore whatever he may have said to Blunt is admissible neither against Ryder nor Parksite.  In that connection it should be noted that the conversation was entirely of a non-official nature, allegedly having taken place in a bar.  In rebuttal, defendants have submitted affidavits demonstrating that they had no knowledge that

---

[3]As reflected in the deposition testimony of Anthony Blunt, plaintiff's primary witness, a variation on this allegation is that Burnett told Carder that Parksite would not hire plaintiff because he suffered from AIDS.  In any event, what Blunt allegedly overheard was hearsay, and the legal analysis is the same whichever variation of plaintiff's allegation is assumed.

plaintiff allegedly suffered from AIDS and that Burnett had not been advised of any such allegation.

Thus, plaintiff has presented no admissible evidence on the summary judgment record to support his core allegation that Ryder and Parksite believed that he suffered from AIDS. His claims fail on that ground alone. Further, his claim that Ryder wrongfully terminated his employment fails on the additional ground that there is no evidence that Ryder, in fact, terminated his employment at all. Rather, the record demonstrates that plaintiff stopped showing up for work during the brief period of time that he was still employed by Ryder after Parksite had advised him that Parksite would not hire him. Likewise, plaintiff's claim against Parksite fails on the additional ground that Parksite has articulated an entirely non-discriminatory reason for its not hiring plaintiff - plaintiff's failure to take a drug test within 48 hours of his submission of his job application paperwork - and plaintiff has presented no evidence showing that this non-discriminatory reason was pretextual.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: July 16, 2009         /s/
                            J. Frederick Motz
                            United States District Judge